**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA,**                               Criminal No. 08-0382

**v.**

**Greater Pittsburgh Trap and Skeet, Inc.,**

**Defendant.**

**DEFENDANT'S RESPONSE TO PRESENTENCE INVESTIGATION REPORT
AND ADDITIONAL INFORMATION TO SUPPLEMENT REPORT**

COMES NOW the Defendant, Greater Pittsburgh Trap & Skeet, Inc., d/b/a Greater Pittsburgh Gun Club, by and through its attorney, Cynthia Reed Eddy, Esquire, Johnson & Eddy, LLC, and files this Response to the Presentence Report (PSR) in accordance with Fed. R. Crim. P. Rule 32(f)(2).  Counsel has discussed this response with the Probation Office, as well as Assistant United States Attorney Ross E. Lenhardt as required by Local Rule 32.1C.

1. The defendant has no objection to the Presentence Investigation Report; however, the defendant would like to bring the below additional information to the Court's attention.

2. <u>The Offense Conduct:</u>   The defendant does not object to the government's description of the offense conduct.  In addition to the information provided by the government, the report should include the following.  The additional information does not

affect the Sentencing Guidelines calculation.

The sole shareholder of the corporation, Margaret Freund, age 83, the mother of Joseph Freund Jr.(hereinafter referred to as "Tex"), was unaware that Tex had been convicted of a felony until the execution of a federal search warrant on the premises of the gun club on April 18, 2006. Tex did not disclose this information to his mother and Connie "did not have the heart to tell Mum." Margaret had no knowledge of any wrong doing by Tex and Connie had no knowledge that Tex had sold or offered to sell any firearms and/or ammunition to any prohibited person.

3. Sentencing Options

As stated in the Presentence Report, upon prompt payment of any fine imposed by this Court, taxes and other fees for professional services, the corporation will be officially dissolved within 30 days of sentencing.

The defendant corporation respectfully requests that this Honorable Court consider imposing a minimal fine in this case since Tex, acting as de facto president, is responsible for any corporate wrong doing. Tex is akin to a rouge employee, over which the corporation's sole shareholder (Margaret) had no control, nor did she, as stated above, have knowledge of his wrongdoing. In addition, the corporation, through Connie Gato, cooperated with the United States Attorney's Office, providing valuable information during the course of the investigation, allowing the Federal Firearms License to lapse and closing the gun club upon request by the United States Attorney's Office. With regard to the corporation, it was communicated to the undersigned counsel that the main concern of law enforcement was that

the corporation be dissolved so that Tex could never again use the entity to violate any firearms' statutes and regulations.

Any funds remaining in the corporation will be distributed to Margaret for her medical care and other needs associated with her advancing age. In addition, Margaret hopes to make some provision in her will for her other children, since Tex took ownership of the family's most valuable asset, the land on which the gun club was located. Finally, due to the fact that the corporation will be dissolved upon the payment of any fine paid, a term of probation is not necessary.

Respectfully submitted,

/s/ Cynthia Reed Eddy, Esquire
Pa. I. D. No. 51872

**JOHNSON & EDDY, LLC**
1720 Gulf Tower, 707 Grant Street
Pittsburgh, Pennsylvania 15219
Telephone: 412-338-4790

Facsimile:   (412) 227-3851
ceddy@johnsoneddy.com